Riley, J.
This case is now before us upon a Report requested by two accomodation makers of a promissory note against whom a finding has been made in favor of the plaintiff, the payee of said note. Laroche, the maker for whose accomodation the defendants signed as co-makers, was defaulted. The case has previously been before this Division under a Report requested by the present two defendants and another accomodation maker who did not join in the request for the present Report. A finding for the plaintiff at the first trial was set aside and the case sent back to the trial court for a new trial because of error *14 on the part of the judge in denying certain of the defendants ’ Bequests for Bulings and in granting certain Bequests made by the plaintiff.
The defendants do not deny that they signed the note in question as accomodation makers for Laroche, who received the consideration from the plaintiff. Their principal contention has been at both trials that the note at the time they signed it, bore the pencil figures $350: and that they understood that to be the amount which Laroche was seeking to obtain from the plaintiff as a loan. The note when introduced in court was in the amount of $750: and the finding for the plaintiff, after trial in each case, has been for the difference between $750: and interest and the amount which had previously been paid the plaintiff by Laroche. The plaintiff’s evidence, introduced at both trials, was that the pencil figures on the note when signed by the defendants were $750. and that that was the amount which Laroche procured from it in the transaction.
At the first trial the judge made the following Finding of Facts, “I find that the note, when signed by the defendants, bore the pencil figures $750:00 in the left hand upper corner; the note was completed by the insertion, by the plaintiff of the pencilled figures $750.00 in typewriting together with other material and thus completed. I find for the plaintiff in the sum of $506.00. ’ ’ In the Beport that is now before us following the second trial, the finding of the judge is as follows: “I find that the note was completed for the sum of $750.00 when delivered by the defendant Laroche to the plaintiff. I find for the Plaintiff in the sum of $506.00 with interest from the date of the writ. (Supplementary Finding of Fact.) I find that Abraham Greenspan was acting as Attorney for Laroche when he filled and completed his (Laroche’s) note in Ms (Laroche’s) presence. ’ ’
*15 When the case was before us following the first trial, the Report stated categorically that the note was returned in its incomplete form to the plaintiff and that when returned to the plaintiff it contained only the signatures of the makers and the figures $750.00' written in lead pencil in the upper left hand corner of said note in the handwriting of the plaintiff’s treasurer. It was further stated that the plaintiff approved the loan for $750.00, paid the money to Laroche and had its attorney complete the note for the plaintiff by filling in the blanks with a typewriter. The Report in the instant ease sets out the evidence more fully. It recites testimony that after the note was signed by the parties and approved in the sum of $750.00, it was given still in incomplete form to Laroche, the maker, with instructions for him to take it to the plaintiff’s attorney who would complete the papers, including the note and a chattel mortgage; that Laroche went to the attorney as instructed by the plaintiff’s treasurer and that the attorney, in his presence, erased the pencil figures $750.00' and completed the note by filling in the blanks on the typewriter, including the sum of $750.00, the date and due date of the note, the words “Seven Hundred and Fifty and 00/100 Dollars ’ ’ and a reference to a chattel mortgage on a Chevrolet coupe, and also drew a chattel mortgage on the coupe; that the attorney then took the note back to the office of the plaintiff where he was given a check payable to himself in the sum of $660.00, the difference between that and the amount of the note representing an interest charge of 6% per annum for 18 months, and that the attorney then paid Laroche $650.00, the difference being his charge for professional service.
Many of the Requests filed by the defendants in effect asked for a ruling that the plaintiff was not a holder in *16 due course. However, if the note was completed, as found by the trial judge, at the time it was delivered to the plaintiff and the consideration for it turned over to Laroche or his agent, it was not error to deny these Bequests. Liberty Trust Co. vs. Tilton, 217 Mass. 462.
If this attorney was acting as agent for Laroche in completing the instrument and delivering it to the plaintiff and securing from it the amount of the loan, which he turned over to Laroche less his fee, it would seem that the judge’s finding that the note was completed for $750'. when delivered by Laroche to the plaintiff, was warranted. The note was not discounted by the plaintiff until the note had been completed and the chattel mortgage signed by Laroche.
The defendants have argued that the finding of the judge that the attorney was acting for Laroche was not warranted. However, no Bequest for Baling covering this issue was made by the defendants. Even if the question were open to the defendants, we think the evidence warranted the judge’s finding that in completing the note and drawing the chattel mortgage and securing the money from the plaintiff and turning it over to Laroche, the attorney was acting for him, although he may have been sent to this attorney by the plaintiff and although the attorney was also looking out for the interests of the plaintiff. It is common practice for banks to require persons who desire to borrow money to have papers made out by the bank’s attorney and to require the borrower to pay for the attorney’s services. While all such transactions are subject to careful scrutiny, they are not to be nullified if the attorney acts in good faith and adequately protects the interest of the client who is dealing with the bank or like institution.
*17 We think the evidence warranted a finding that the instrument was complete when delivered by the defendant Laroche to the plaintiff and that there was no error in denying the defendants’ Requests that the instrument was incomplete when negotiated by the plaintiff or similar Requests that the plaintiff was not a holder in due course. We do not think it is necessary to pass upon each of the 30 Requests of the defendants which were refused by the trial judge.
As we have said before, the main contention of the defendants has been that the amount of the note was raised after they signed it as accommodation makers and that they are responsible only for the balance due on the note as it was when they signed it. At the first trial the judge made a specific finding that the note bore the pencil figures $750.00 at the time it was signed by the defendants, the amount for which the plaintiff' contended the note was executed. It would have been better if the judge had repeated this finding after the second trial. However, he allowed several Requests for Rulings filed by the defendants which clearly show that he considered this defence of the defendants and impliedly found against it as matter of fact. Among them are the following: 9. That the
burden of proof is on the plaintiff to show by a fair preponderance of the evidence that this note was filled out in accordance with the authority given and within a reasonable time. 16. There was evidence that the figure $350. was written in said note and the same had been erased. 25. There was evidence that the defendants never authorized Laroche or anyone else to fill in the note for an amount other than $350. and that the plaintiff did not contact any of the co-makers to ask if it would be all right to complete the note for $750.
*18 Consequently, we feel that the defendants have not been harmed by the judge’s failure to give any of the Bequests for Bulings in terms and that there was no error on his part in applying the principles of law appropriate to the facts found by him to be true. Timmins vs. Joslin Co., Mass. A. S. (1939) 1281, 1283. Bathgebber vs. Kelley, Mass. A. S. (1938), 331, 332 and cases there cited. The Beport, therefore, is ordered dismissed.